F. H. WILSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6911.   Promulgated June 5, 1928.

*A. Calder Mackay, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN: The first error alleged in the petition arises from the holding by respondent that petitioner received certain income in each of the years 1917, 1918, and 1919 although the sums involved were not physically received by petitioner until after the close of each taxable year. It is a well established principle of law that receipt by an agent is receipt by the principal. This applies in tax cases. *Estate of C. W. Crews*, 8 B. T. A. 301. It applies even though the party be on a cash receipts basis. *Julia A. Strauss*, 2 B. T. A. 598; *L. & M. Holding Co.*, 3 B. T. A. 601. So far as the record shows the Earle Fruit Co. was acting as an agent for petitioner. Petitioner so characterized the relationship when he said, "My returns came through the agent through whom I deal, the Earle Fruit Company." There is nothing proving the contrary and every reasonable conclusion from the testimony is that Earle Fruit Co. was the agent of petitioner. As such, receipt of payment by it for goods sold was receipt by petitioner and respondent was not in error in so treating the payments in question. The case of *A. L. Voyer*, 4 B. T. A. 1192, dealt with a peculiar set of facts and did not lay down a general rule in conflict with the *Strauss case*. It is not an authority here.

The second error alleged is the value as of March 1, 1913, fixed by respondent for 117.85 acres of land sold by petitioner in 1919 for $141,420. The testimony of petitioner's witness is that it was worth $600 per acre. Respondent produced no witnesses and failed to shake the value assigned or to cast doubt on the credibility of the witness produced by petitioner. We find the value to be $600 per acre as of March 1, 1913. This value is in excess of the cost of the land.

The next assignment of error is that respondent disallowed a loss sustained in 1918 and 1919 by the destruction of grapevines. This

destruction was made necessary by the presence of a disease in certain parts of the vineyards and orchards. Petitioner proved the destruction in 1918 of 14 acres of Emperor grapevines planted in 1914, the same being of a total reasonably expected life of 20 years, and 8 acres of Malaga grapes planted in 1905 of a total reasonably expected life of 25 years. In 1919 petitioner destroyed 6 acres of Malagas planted in 1905 and 8 acres of peach trees planted in 1902. The fair market value of the Malaga grapevines and peach trees was stated to be $450 per acre but the witness qualified that value by stating that there should be deducted the residual value of the irrigation system, the leveling of the ground, and other improvements. The amount of such deduction was not proved and we have no data from which to compute it. We do not know whether it would amount to $50 or $100 per acre, or more or less than those amounts. The cost of growing the Emperor grapevines was $450 per acre. They were planted in 1914 and destroyed in 1919. This represents a deductible loss. As to the peach trees attention is called to the fact that the allegation of error covers only grapevines and though some data were placed in evidence the petition was not amended to conform with the proof. It is also noted that though the peach trees were stated to be of a value of $450 per acre they had not borne fruit for three years before destruction in 1919. Were the loss on the trees presented by the pleadings this fact would raise a serious question as to when the loss, if any, was sustained.

The fourth error alleged is the value as of March 1, 1913, placed by respondent on the stock of the Fresno Nursery Co. sold by petitioner in 1917 for $29,700. Here again we find shortage of proof or confusion in the record. Though there is some evidence indicating the possibility of a higher 1913 value than that allowed by the respondent, there is other evidence that confuses the proof and discounts the claim for higher value. Respondent allowed a value of $15,000 for the stock owned on March 1, 1913, and added to that the sum of $2,700 paid for 100 shares in 1916. Upon the whole record we are unable to find that the stock was worth more than the value so allowed.

The last issue raised by the pleadings is the depreciation allowed by respondent on petitioner's orchards. No error is alleged as to the depreciation on vineyards. The evidence establishes that the total reasonable life of a peach tree is 20 years after planting. There is no evidence of the life of a plum tree, nor have we any evidence of the actual acreage of orchards owned by petitioner in the taxable years. The fair market value per acre on March 1, 1913, of the peach trees located on petitioner's ranch was $400 and of the plum trees $450.

*Judgment will be entered under Rule 50.*